## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAULINE GUNTLOW, in her capacity as Personal Representative of the ESTATE OF VICTORIA GUNTLOW,<br><br>　　　Plaintiff<br><br>v.<br><br>PRESTON KELLY, DANA CLEMENT, MATTHEW MERANTI, DAVID SHERMAN, and CITY OF NORTH ADAMS,<br><br>　　　Defendants | CIVIL ACTION NO. |

## COMPLAINT

**PARTIES**

1. Plaintiff PAULINE GUNTLOW is a natural person and was a resident of the State of Vermont and the United States of America at all times referred to in this complaint.

2. Defendant PRESTON KELLY is, and was at all times relevant herein, a Sergeant in the North Adams Police Department.

3. Defendant DANA CLEMENT is, and was at all times relevant herein, an Officer in the North Adams Police Department.

4. Defendant MATTHEW MERANTI is, and was at all times relevant herein, an Officer in the North Adams Police Department.

1

5. Defendant DAVID SHERMAN was, at all times relevant herein, a Detective in the North Adams Police Department.

6. Defendant CITY OF NORTH ADAMS is a municipal corporation located within Berkshire County, the Commonwealth of Massachusetts and the United States of America with principal offices at 10 Main Street, North Adams, Massachusetts.

7. Defendants KELLY, CLEMENT, MERANTI, and SHERMAN are being sued individually and in their official capacities.

8. At all times pertinent hereto, Defendants KELLY, CLEMENT, MERANTI, and SHERMAN were acting under color of state law.

9. At all times pertinent hereto, Defendants KELLY, CLEMENT, MERANTI, and SHERMAN were engaged in a joint venture.

**JURISDICTION AND VENUE**

10. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and 20 U.S.C. § 1681.

11. This Court has jurisdiction of this claim under, and by virtue of, 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

12. This action is properly brought in the Western Division of the United States District Court for the District of Massachusetts under 28 U.S.C. §§1391 (b)(1) and (2) because the events at issue in the case arose and transpired in the Western Division of the District of Massachusetts.

**FACTS**

**A.     Unlawful Entry, False Arrest, and Excessive Force Incident**

13. On Tuesday, April 6, 2021, Victoria R. Guntlow ("the Decedent") lived by herself at 15 Ballou Street in North Adams; this single-family home sat at the end of a cul-de-sac adjacent to a wooded area.

14. At the time, the Decedent was fifty-nine years old, stood 5'2" tall, and weighed approximately 120 pounds.

15. The Decedent's house was in close proximity to one location of a recent homicide and another location where a two-family home was destroyed by a fire.

16. The homicide was particularly upsetting to the Decedent and caused her to fear for her safety.

17. On April 6, 2021, North Adams police officers and other emergency personnel responded to an incident in the vicinity of the Decedent's residence.

18. The sight of cruisers and emergency vehicles caused the Decedent to worry about the possibility of another violent incident and whether she might be in danger.

19. The Decedent called the North Adams Police Department (NAPD) in an attempt to obtain information as to what was happening in her neighborhood.

20. The NAPD dispatcher declined to provide the Decedent with any pertinent information.

21. The Decedent proceeded to make additional calls to the NAPD by dialing 9-1-1 and the Department's non-emergency line.

22. At no point during any of these calls did the Decedent transmit any information which she knew or had any reason to know was false.

23. During a single 9-1-1 call lasting less than one minute, the Decedent did not communicate at all.

24. At approximately 4:24 pm, the dispatcher advised the Decedent that officers were enroute to her and that if she did not answer the door, the officers would forcibly enter her residence.

25. The Decedent made it clear to the dispatcher that the police were not welcome in her home.

26. The dispatcher communicated this information to Defendants KELLY, CLEMENT, MERANTI, and SHERMAN.

27. At approximately 4:27 pm, Defendants KELLY, CLEMENT, MERANTI, and SHERMAN arrived at 15 Ballou Street.

28. Defendants KELLY, CLEMENT, MERANTI, and SHERMAN knocked on the two exterior doors of 15 Ballou Street.

29. The Decedent did not answer.

30. Defendant SHERMAN subsequently kicked in the front door and Defendants KELLY, CLEMENT, and MERANTI followed him into the residence.

31. This entry into 15 Ballou was unlawful; Defendants did not have a warrant, the Decedent's permission to enter, or an emergency that would have justified their entry.

32. Inside the residence, Defendant KELLY approached the stairs and yelled for the Decedent.

33. When the Decedent responded, it became clear that she was upstairs.

34. Instead of waiting for the Decedent to come downstairs, Defendants KELLY and SHERMAN walked up the stairs.

35. When she saw the officers, the Decedent advised them that she needed a minute and started to walk towards her bedroom.

36. At this point, Defendants KELLY and SHERMAN grabbed the Decedent and threw her to the ground.

37. This use of force against the Decedent was unjustified.

38. As a result of the unjustified use of force by Defendants KELLY and SHERMAN, the Decedent suffered a fracture of her right humerus.

39. This injury caused the Decedent intense pain.

40. Defendants KELLY and SHERMAN exacerbated the pain suffered by the Decedent by securing her into handcuffs behind her back.

41. The Decedent's arrest was unlawful; Defendants did not have probable cause to believe she had committed a criminal offense.

42. During the booking process, the Decedent complained of right shoulder pain and she was taken by ambulance for medical attention.

B.  **Malicious Prosecution and Abuse of Process**

43. Following Plaintiff's arrest, Defendant MERANTI drafted a police report that served as the basis for an application for a criminal complaint against the Decedent for the crimes of making a false report to a public safety dispatcher in violation of G.L. c. 269, § 14B and disturbing the peace in violation of G.L. c. 272, § 53.

44. Upon information and belief, Defendant MERANTI filed this complaint application with the full knowledge and support of Defendants KELLY, CLEMENT, and SHERMAN.

45. Defendants MERANTI, KELLY, CLEMENT, and SHERMAN did not have probable cause to believe the Decedent committed the crimes for which they sought charges.

46. Defendants MERANTI, KELLY, CLEMENT, and SHERMAN pursued criminal charges against the Decedent for the ulterior or illegitimate purpose of protecting themselves from liability for the injuries they caused the Decedent.

47. The filing of this application for a criminal complaint resulted in damage to the Decedent.

48. On June 3, 2021, the Decedent appeared remotely for a hearing before a clerk Magistrate of the North Adams District Court.

49. After this hearing, the clerk found no probable cause to believe the Decedent committed a criminal offense and declined to issue a complaint.

**C.   The Death of the Decedent**

50. The physical injury the Decedent suffered on April 6, 2021, continued to cause her considerable pain and discomfort during the summer of 2021.

51. To alleviate the throbbing in her right shoulder, the Decedent began taking warm water baths in a makeshift tub in her backyard.

52. On August 18, 2021, the Decedent drowned in this bathtub while treating the injury caused by Defendants KELLY and SHERMAN.

53. On January 25, 2022, Plaintiff PAULINE GUNTLOW was appointed the Personal Representative of the Decedent's Estate.

**D.   Policies and Customs of the City of North Adams that Caused the Individual Defendants' Misconduct**

54. The City of North Adams has allowed policies or customs to develop within its police department that have caused North Adams police officers to believe they can violate the Constitution with impunity. These policies or customs were the moving force behind the misconduct that resulted in the violation of the Decedent's constitutional rights.

55. Prior to April 6, 2021, the City of North Adams had a policy or custom of deliberate indifference to the rights of civilians by failing to adequately supervise and discipline its police officers.

56. Defendants KELLY, CLEMENT, MERANTI, and SHERMAN were emboldened by their understanding that the NAPD would not reprimand or discipline them for violating the constitutional rights of citizens like the Decedent.

57. On December 23, 2016, Defendant SHERMAN and three other NAPD officers attempted to justify their use of excessive force by falsely charging a North Adams resident named Ronald Thomas with operating a motor vehicle under the influence of alcohol, disorderly conduct, and disturbing the peace. *See* <u>Commonwealth v. Thomas</u>, Dkt. No. 1628CR001204 (N. Berkshire Dist. Ct.).

58. Following his acquittal on all charges, Thomas filed a lawsuit alleging civil rights violations on the part of Defendant SHERMAN, the City of North Adams, and others. *See* <u>Thomas v. Sherman</u>, 19-cv-30167-KAR.

59. On April 12, 2017, Defendant SHERMAN was present when a fellow NAPD officer named Benjamin Austin used unnecessary and excessive force to seriously injure a disabled man named Joseph Poplaski. *See* Poplaski v. Austin, 19-cv-30107.

60. After an independent special investigator found Austin failed to comply with an NAPD prohibiting the use of unnecessary force, Austin was permitted to transfer to another police department rather than suffer the consequences of disciplinary action.

61. Prior to April 6, 2021, the City of North Adams, its policymakers, and supervisory personnel at the NAPD were aware of other complaints and claims alleging use of excessive force and other civil rights violations on the part of North Adams Police Officers, but on information and belief, such allegations did not result in substantive investigation into such incidents, discipline of officers, remedial training or other preventative strategies to stem excessive force and other civil rights violations against persons in North Adams.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983 – UNLAWFUL ENTRY
**(Individual Defendants)**

62. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

63. The aforesaid actions and conduct by Defendants KELLY, CLEMENT, MERANTI, and SHERMAN violated the Decedent's right to be free from an unreasonable warrantless intrusion into her home as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

64. As a result of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983 - FALSE ARREST
(Individual Defendants)

65. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

66. The aforesaid actions and conduct by Defendants KELLY, CLEMENT, MERANTI, and SHERMAN violated the Decedent's right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

67. As a result of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE
(Defendants KELLY and SHERMAN)

68. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

69. The aforesaid actions and conduct by Defendants KELLY and SHERMAN violated the Decedent's right to be free from unreasonable and excessive force and summary punishment as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

70. As a result of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

### COUNT IV – VIOLATION OF 42 U.S.C. § 1983 – MALICIOUS PROSECUTION
(Individual Defendants)

71. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

72. The aforesaid actions and conduct by Defendants KELLY, CLEMENT, MERANTI, and SHERMAN violated the Decedent's right to be free from malicious prosecution as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

73. As a result of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

## COUNT V – TRESPASS
**(Individual Defendants)**

74. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

75. The aforesaid actions and conduct by Defendants KELLY, CLEMENT, MERANTI, and SHERMAN violated the Decedent's right of exclusive possession of her property and constituted trespassing as defined under the common law of the Commonwealth of Massachusetts.

76. As a direct and proximate cause of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

## COUNT VI – FALSE ARREST AND IMPRISONMENT
**(Individual Defendants)**

77. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

78. The above-described actions of Defendants KELLY, CLEMENT, MERANTI, and SHERMAN constituted a false arrest and imprisonment as defined under the common law of the Commonwealth of Massachusetts.

79. As a direct and proximate cause of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

### COUNT VII – ASSAULT AND BATTERY
### (Defendants KELLY and SHERMAN)

80. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

81. The above-described actions of Defendants KELLY and SHERMAN constituted an assault and battery as defined under the common law of the Commonwealth of Massachusetts.

82. As a direct and proximate cause of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

### COUNT VIII – MALICIOUS PROSECUTION
### (Individual Defendants)

83. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

84. The above-described actions of Defendants KELLY, CLEMENT, MERANTI, and SHERMAN KELLY and SHERMAN constituted malicious prosecution as defined under the common law of the Commonwealth of Massachusetts.

85. As a direct and proximate cause of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

### COUNT IX – ABUSE OF PROCESS
### (Individual Defendants)

86. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

87. The above-described actions of Defendants KELLY, CLEMENT, MERANTI, and SHERMAN constituted abuse of process as defined under the common law of the Commonwealth of Massachusetts.

88. As a direct and proximate cause of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

### COUNT X – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO DISCIPLINE AND TRAIN
**(Defendant City of North Adams)**

89. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

90. Defendant City of North Adams allowed the policies and customs described above to exist within its police department.

91. These policies and customs of the City of North Adams allowed Defendants KELLY, CLEMENT, MERANTI, and SHERMAN to believe that they could commit misconduct against Plaintiff with impunity.

92. The policies and customs of Defendant City of North Adams were the moving force behind the actions that resulted in the violations of the Decedent's civil rights.

93. As a direct and proximate cause of the above-described violation of rights, the Decedent suffered great pain of mind and body and was otherwise damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants jointly and severally on all counts of this complaint and:

a) Award compensatory damages;
b) Award punitive damages;
c) Award interest and costs of this action to Plaintiff;
d) Award attorneys' fees to Plaintiff; and
e) Award such other relief which this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

PLAINTIFF

By: /s/ Luke Ryan
Luke Ryan
BBO No. 664999
Sasson, Turnbull, Ryan & Hoose
100 Main Street, 3rd floor
Northampton, MA 01060
(413) 586-4800
lryan@strhlaw.com